Percival v. Jones.

*PERCIVAL *against* JONES,                [*49]

Where a justice of the peace, under the ten pound act, issued an execution against the body of a defendant who was by law privileged from imprisonment, voluntarily, and without the request or authority from any plaintiff, it was held, that he was liable to an action for false imprisonment.

While a justice acts ministerially, or as a clerk of the party, he will be justified in issuing any process within his jurisdiction that may be demanded by the plaintiff. But in order to charge the plaintiff in the suit, it should appear that it was really his act; it ought not to depend on the general intendment of the law that every writ or process is purchased by the party in whose favor it issues.

THIS was an action of trespass, assault and battery, and false imprisonment. Plea not guilty. The cause was tried before Mr. Justice *Kent*, at the last sitting in New York.

The defendant was a justice of the peace in the county of Albany. A suit was commenced before him, in favor of one Chapin against the plaintiff in the present suit, in which a judgment was recovered in favor of Chapin. After the expiration of forty days, an execution was issued by the justice against the goods and chattels of Percival, and in case no goods or chattels could be found, his body was directed to be taken, which is the usual form of an execution *against a freeholder*, under the act. He was taken, by virtue of the execution, and imprisoned for thirty days in the jail in the city of Albany. It appeared that Percival, immediately after judgment was so obtained against him by Chapin, declared to the justice that he *was not a freeholder*, and had a family in Albany, where he was an inhabitant; which facts were proved at the trial. While he was proceeding, in the custody of the constable, to jail, he met the defendant, and again alleged that he was not a freeholder, and was an inhabitant of Albany, and had a family there, but the defendant directed the constable to commit him, according to his precept.

The jury found a verdict for the plaintiff. A question was reserved by the judge, whether if the plaintiff was not a freeholder, and had a family, the justice could be liable to

a suit for issuing the execution, and whether the present action was the proper remedy. If the court should be of opinion that the justice was not liable, then a nonsuit was to be entered, otherwise, the verdict was to stand.

*Spencer*, for the plaintiff.

*Riggs*, for the defendant.

[*50]     *Per Curiam*. By the 10th section of the act, commonly called the *ten pound* act, it is provided, that the justice shall grant execution, &c. against the goods and chattels, and for want of sufficient goods and chattels, against the body of the defendant. By the 15th section of the act, for the relief of debtors, with respect to the imprisonment of their persons, it is declared that no person, having a family, not being a freeholder, should be imprisoned by virtue of any execution, to be issued by virtue of the former act, and the form of the execution is directed to be against the goods and chattels only.

In the present case the plaintiff was an inhabitant of Albany, having a family, and not a freeholder. He has, therefore, been illegally imprisoned. He has sustained an injury, and his remedy must be by an action against the party or his agent who issued the execution. Justices of the peace, in making out process, act *ministerially*, as distinguished from their judicial acts. They act both as judge and as clerk, and in the latter capacity may, and, as to executions, they generally do, act as agents for the party. Mere ministerial officers who, as such, issue or execute process, cannot, nor ought to be responsible as long as the court from which it issues has general jurisdiction to award such process. But the party who sues out the process, does it at his peril, and he is responsible. (Doug. 676 ; 3 Wils. 346.)(*a*)

(*a*) In *Hoose* v. *Sherrill*, 16 Wend. 33, 42, Bronson, J. observes : "In *Percival* v. *Jones*, 2 Johns. Cas. 49, the defendant, who was a justice of the peace, was held liable in an action for false imprisonment for issuing an execution against the body of the plaintiff, who was exempt from imprisonment. What was said by the court in relation to the justice's acting as a ministerial officer in issuing process, and as such not being responsible, must be understood in reference to the particular circumstances of that case in which it was questionable, to say the least, whether the defendant ought to have been held liable."

Percival v. Jones.

Some difficulty occurred in the construction of the acts which have been mentioned, as to the power and duty of a justice, in cases like the present. A defendant before him, under such circumstances, is exempted from imprisonment by the provision contained in the last act, but no mode is prescribed, by which the facts that entitle him to this exception are to be proved or ascertained. No mode can be supplied or assumed by the justice, for he can possess no power, nor adopt any course of proceeding, by construction or implication. Yet it is essential, that the justice, when acting with good faith, should be protected, for it would be intolerable to impose on him the necessity of knowing, officially, the property or circumstances of every person in the community. But, at the same time, *the privilege of   [*51] the defendant must have its effect; and this can be done, with safety to the magistrate, in no other way than by considering the execution as issuing at the peril of the party demanding it. If the plaintiff is not satisfied with an execution against the goods and chattels, and wishes to take the body of the defendant, he must ascertain at his own risk, that the defendant is a freeholder.

In courts of special and limited jurisdiction, the rule is strict, that the party becomes a trespasser who extends the power of the court to a case in which it cannot lawfully be extended. (1 Stra. 710. 2 Black. Rep. 1035. Cowp. 640, 647. 2 Wils. 385, 386.)(a)

· While the justice acts ministerially, or as clerk of the party, he will be justified in issuing any process, within his jurisdiction that may be demanded by the plaintiff. But in order to charge the plaintiff in the suit, it should appear that it was really his act; it ought not to depend on the general intendment of the law, that every writ or process is purchased by the party in whose favor it issues.(b) If it.

(a) See *Case* v. *Shepherd, supra*, p. 27, and n. *b.* to p. 28.

(b) In *Gold* v. *Bissel*, 1 Wend. R. 210, 215, this principle is repeated and confirmed. So also in *Taylor* v. *Trask*, 7 Cowen, 249, 251, where it was held that a request to a magistrate to issue an execution in a case where the law clearly pointed out the kind of execution to be issued would not implicate

appears to be the officious, or voluntary act of the justice, without any direct authority for that purpose, an innocent plaintiff ought not to be implicated. In such a case, the justice assumes the responsibility of the measure, and is liable for all its consequences. No authority to the justice, or demand of the plaintiff, is pretended, in the present case. The justice was told by Percival that he was not a free-holder, and when he, afterwards, met him, on his way to jail, he directed the constable to obey the precept, and commit him to prison. Any general presumption of authority in such a case must cease, and we must conclude that the justice acted voluntarily, and took upon himself the capacity, and consequently, the peril of an agent of Chapin. He is, therefore, answerable to the plaintiff. The form of the action is proper. The plaintiff has been falsely imprisoned by the immediate and voluntary act of the justice, and the remedy must be an action of false imprisonment. The court, are, therefore, of opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff.(c)

him in the issuing of an execution of a different character, but that, in such a case, the magistrate must be regarded as acting officiously and voluntarily and not as the agent of the party. Sutherland, J. observes that " The relation subsisting between a plaintiff and a justice's judgment and the justice himself, is very different from that between client and attorney in courts of record. The attorney is the mere agent of the client. The client is responsible for all the acts of his attorney which affect third persons, whether they were authorized by him or not. He is not, from considerations of public policy, permitted to deny his authority. (*Denton* v. *Noyes*, 6 John. 206, and the cases there cited. Id. 37. 3 Wils. 345. Dougl. 676.)" In *Rogers* v. *Mulliner*, 6 Wend. 597, 602, the judgment in *Gold* v. *Bissel* was reviewed by Savage, Ch. J. and also by Bronson, J. *diss.* in *Hoose* v. *Sherrill*, 16 Wend. 33, 45, but the principle stated by the court in the principal case was in no respect shaken.

(c) In the principal case the plaintiff in the action at the suit of Chapin declared to the justice that he was not a freeholder and had a family in Albany, where he was an inhabitant, which facts were also proved at the trial. This distinguishes it from the case of *Hess* v. *Morgan, infra,* vol. 3, p. 84, where after the judgment was given, the justice asked Hess whether execution should issue, and he answered he cared not how soon it issued, the sooner the better, for he had put his property out of his hands. Nor did he appear

to have stated before the execution was issued that he was not a freeholder and had a family, or claim any exemption from imprisonment. And the justice thereupon without any directions from the plaintiff, who was not present, issued an execution against the body of the defendant, on which he was imprisoned thirty days. It was held that the justice was not liable because the party did not claim his exemption or assert the facts which entitled him thereto.