NEW-YORK,<br>May, 1831.<br><br>Alexander<br>v.<br>Hoyt.

Judgment for the defendant.

---

### ALEXANDER and others *vs.* HOYT.

The trustees of a *school district* in making out a *tax list* attached to a warrant for raising monies to build a school house, must be guided by the *last* assessment roll of the assessors of the town of the taxable property of the inhabitants, after it has been *reviewed* and finally *established;* and if they err in adopting an erroneous basis for fixing the amount of tax to be paid by the taxable inhabitants, and issue their warrant, on which property is sold, they will be answerable as *trespassers.* It was accordingly *held*, in this case, where an abstract had been taken from an assessment roll before it was finally established, which was subsequently reduced—a tax list made out in conformity to the abstract, a warrant issued for the collection of the tax, and property sold, that the *trustees* were responsible ; but it was *further held*, that the *collector* who executed the warrant was not answerable as a trespasser, the warrant as to him being a complete protection.

Where the *trustees* and *collector* of a *school district* were jointly sued as *trespassers*, and judgment passed against them in the common pleas, which was *affirmed* in this court as to the trustees, but *reversed* as to the collector, the court, in the exercise of the discretion given by the statute relative to costs, refused the plaintiff below costs of affirmance, and gave judgment against him for costs upon the reversal.

ERROR from the Onondaga common pleas. Hoyt sued Alexander and three others in a justice's court, and declared against them for taking and selling a cow, under the pretence

NEW-YORK, of a *school district warrant*, which he alleged to have been ille-
May, 1831. gally issued. The defendants severed in their defence, plead-
Alexander ing the general issue separately. Judgment rendered in fa-
v. vor of the defendants before the justice, and the plaintiff ap-
Hoyt. pealed to the Onondaga common pleas, where the cause was
tried on the issue joined before the justice, and a special ver-
dict found. From the special verdict it appeared that Alxex-
ander was the *collector*, and that the three other defendants
were the *trustees* of a school district in the town of La Fayette.
The property of the plaintiff was sold the collector, on a war-
rant issued by the trustees, to raise a tax imposed in pursuance
of a vote of a regularly convened and duly notified meeting of
the inhabitants of the district, to raise the sum of $120, for the
purpose of building a school house. The plaintiff was a taxa-
ble inhabitant, and resident within the district. The vote was
passed on the 9th of July, 1829, and four days thereafter the
warrant, was issued. In making out the tax list annexed to the
warrant, the proportion charged to the plaintiff was fixed in
reference to an assessment roll made by the assessors of the
town on the 25th *May* preceding, in which the taxable property
of the plaintiff was assessed at $450 ; which sum, on the ap-
plication of the plaintiff, was reduced by the assessors to $400 ;
but previous to such correction the trustees of the school dis-
trict had taken an *abstract* from the assessment roll, and they
apportioned the tax upon the basis that the taxable property of
the plaintiff was $450 instead of $400. They were led into
the error in consequence of the district having on the *third* day
of *June* voted to raise a tax to build a school house ; on the
*tenth* of June they took the abstract, and on the *fifteenth* of
June the assessment roll was corrected and reduced to $400.
On the 9th July the vote of the third of June was annulled, and
$120 was voted to be raise for the building of the school house ;
and then, without again recurring to the assessment roll, the
trustees made out their warrant, and annexed their rate bill,
and by virtue of their warrant, property of the plaintiff worth
$16, was sold, to raise his proportion of the tax. In 1828,
the property of the plaintiff had been assessed at only $350
The common pleas of Onondaga gave judgement agains *all* the
defendants, the *collector* as well as the *trustees*, and the defend-
ants sued out a writ of error.

*V. Birdseye*, for plaintiffs in error.

*E. W. Leavenworth*, for defendants in error.

*By the Court,* SAVAGE, Ch. J. The 79th section of the common school act, 1 Revised Statutes, 482, directs that the valuations of taxable property shall be ascertained as far as possible from the last assessment roll of the town. The irregularity complained of is that the trustees made out their next list by reference to the assessment roll of 1829, which had not yet been corrected, instead of the assessment roll of 1828, as the basis of their assessment.

The plaintiffs in error contend, 1st. That the trustees had jurisdiction of the subject and the person, and acted judicially, although their power was special, and limited; 2d. That the assessment roll of 1829 was sufficiently completed for their purpose ; and 3d. That the collector was justified in executing the warrant, the trustees having jurisdiction. The defendant in error insists, 1st. That the trustees should have taken the assessment roll of 1828 as their guide, the roll of 1829 not being completed when they took their abstract ; and 2d. That the trustees and collector being creatures of the statute, must pursue strictly its directions, or they are not justified.

It seems to me unnecessary to enquire whether trustees of school districts, in some of their duties, do not act judicially. The proposition cannot be maintained that in copying assessments from the assessment roll of the town, they were performing a judicial act. Judicial officers are not responsible for any error of judgment, but if they perform ministerial acts, although connected with their judicial duties, they are held responsible for improper and illegal conduct ; *Percival* v. *Jones*, 2 Johns. Cas. 49, contains an illustration of this principle. And in *Wallsworth* v. *M'Cullough*, 10 Johns. R. 93, a justice was held to be a trespasser who issued a warrant in a case of bastardy, without the application of an overseer of the poor, though the overseer subsequently ratified the act; the justice acting ministerially. It is certainly a well settled principle, that persons acting under a special and limited authority, must be careful to keep within their authority, and are responsible for any act

not within the rule prescribed to them. This rule is often harsh in its operation, but still necessary to be preserved ; and has, therefore, been enforced against trustees of school districts, as well as others. Hence, in the case of *Robinson* v. *Dodge*, 18 Johns. R. 351, the trustees were held trespassers, because they issued their warrant to collect a tax, when the only error was that the district meeting had not specified the amount of the tax to be raised, that being required by the statute ; this court holding that the district could not delegate that power to the trustees which they had attempted to do by a resolution. The case of *Ryder* v. *Cudderbach*, 12 Johns. R. 412, was more like the present. Indeed, so far as the trustees are concerned, I am unable to distinguish it from this case. The only alleged irregularity in that case was that the tax ought to have been laid according to the tax list or assessment roll of 1812, and not that of 1813. The statute then in force required the trustees to make their tax list *"agreeable to the levy on which the town tax was levied the preceding year."* The town assessment was to be completed by the 1st of August ; the trustees made their tax list and warrant subsequent to the 1st of August, 1813, and this court held they were correct in doing so. The language of the revised statutes is more favorable for the trustees ; it is this : " The valuation of taxable property shall be ascertained, as far as possible, from the last assessment roll of the town." 1 R. S. 482, § 79. Had the assessment roll been completed, by having been passed upon in review, as it was in this case five days after the abstracts were taken, the trustees would have been correct ; but so long as the assessment roll for 1829 had not passed through all the forms necessary to give it validity, it could not be considered the last assessment roll. The assessment roll of 1828 was the last assessment roll on the 10th of June, 1829, when the abstract was taken ; though when the warrant was issued, the assessment roll of 1829 was the last, but the rate bill attached to the warrant was not a true transcript of the assessment roll. According to the principle recognized in the last case, the trustees were trespassers, not having strictly pursued their authority. I am therefore of opinion that so far as the trustees are concerned, the decision of the common pleas was correct.

But whether the collector was also liable, as a trespasser, is another question, depending upon another and different principle. When a ministerial officer executes process issued by a tribunal having jurisdiction of the subject matter, he is not a trespasser, though that tribunal err in the exercise of their duties. In the case of *Henderson* v. *Brown*, 1 Caines, 92, the theatre had been assessed as a dwelling house, which was wrong; but the assessor had power to assess it, though not as a dwelling house, and the warrant was held a justification to the officer. It would have been otherwise if the assessor had not had power to assess the theatre at all; then there would have been a total want of jurisdiction, and the proceedings would have been void. In *Suydam & Wycoff* v. *Keys*, 13 Johns. R. 444, the collector was held responsible, because the trustees had no jurisdiction over the plaintiffs, they not being taxable inhabitants. But the true doctrine on this subject is to be found in *Beach* v. *Furman*, 9 Johns. R. 230, *Bouton* v. *Neilson*, 3 id. 474, and particularly in *Savacool* v. *Boughton*, 5 Wendell, 170. I am therefore of opinion that as to the collector the warrant was a complete protection, the trustees having jurisdiction; and having pleaded separately, he should have had judgment in his favor. The judgment of the common pleas against Gilbert Alexander, the collector, should therefore be reversed; and the judgment against the other defendants be affirmed.

The revised statutes say, "If a judgment be reversed in part and affirmed in part, costs shall be awarded to either party in the discretion of the court." 2 R. S. 618, § 31. This suit, on its face, seems to be a vexatious proceeding. The error of the trustees was evidently unintentional: the excess of tax on the defendant in error was less than one dollar, and he had a remedy by appeal to the commissioners. He did not choose, and was not bound to take that remedy; but if a party will take so much unnecessary pains to make costs for public officers, who perform an important public trust gratuitously, he does not stand in a favorable light, where the court have a discretion. I think he ought not to have costs of affirmance, and should pay costs upon the reversal.

Judgment reversed in part, and affirmed in part.