By the Court,

Cowen, J.
The single question is whether, upon the state of this case, the judgment must be revolted both as to the adult and infant, or whether it may not be revoked as to the latter and retained as to the former.
It is supposed by the counsel for the defendant in error, that Richard v. Walton, (8 John. R. 434,) and Duncan v. Sandford, (14 John. R. 417,) which are both precisely in point against a partial revocation, proceeded without due regard to the distinction established by Hartness v. Thompson, (5 John. R. 160,) viz. that, in assumpsit against an infant and another jointly, there may be a severance in the court below, the plaintiff recovering against the adult, while the infant shall have a verdict for him, on the ground that his privilege is personal to himself. It is urged as a consequence of the latter doctrine that they may be severed on a writ of error. But the cases of reversal as against all for the infancy of one, have none of them gone on that distinction that I can find. Nothing is clearer than that an infant or any other party may be severed in trespass; and yet from a very early period of the law it has been uniformly held, that in such action the appearance of an infant by attorney and judgment against him and others, is ground of reversal as to all, and that such a consequence cannot be avoided under the notion of a right to sever in the court below. (1 Rol. Abr. Error, (E), pl. 9. Aylet v. Oates, Sty. 121,-5; Aleyn, 74, S. C., nom. Oates v. Aylet. King v. Marlborough, Cro. Jac. 303.) These cases never' have, that I am aware of, been questioned. They all expressly denied the doctrine of severance on error now contended for, though they admitted it as to the court below. And they have been twice followed both in principle' and circumstance by this court. It is unnecessary to enquire whether the latter case of Alexander *335 v. Hoyt, (7 Wend. 89, 93,) necessarily conflicts with that line of decision. I think it does not; but if it were otherwise, we should, I think, be bound to overrule it.
Motion denied.