## James Sullivan *vs.* Jeremiah P. Jones & another.

A justice of the peace, who issues an execution, containing a command to arrest the body of the judgment debtor, and an attorney who procures such execution to be issued, and causes the debtor to be arrested thereon, in a case in which both know that the law prohibits such arrest or the issuing of such an execution, are jointly liable to the debtor in trespass.

Trespass for false imprisonment of the plaintiff on an execution, issued by Jones, a justice of the peace, on a judgment recovered before him against the plaintiff on a debt less than five dollars; which execution contained a command to the officer, for want of money or goods, to take the body of the plaintiff, and commit him to prison; and on which the plaintiff, by

the direction of Jeremiah Russell, the other defendant, the attorney who brought the suit on which the judgment was recovered, was arrested and committed to jail.

At the trial in the court of common pleas, the defendants contended that they were not liable, upon proof of the acts complained of, although the execution was in a form not authorized by law, and directed the imprisonment of the plaintiff in a case where such imprisonment was prohibited by the revised statutes; because the decision of Jones, as to the form in which the execution should issue, was an act performed in his judicial capacity; and Russell acted merely as an attorney under the process issued by Jones. But *Perkins*, J. referred to the Rev. Sts. *c.* 97, §§ 44, 45, 47; and instructed the jury that, if Jones issued the execution, directing the imprisonment of the plaintiff, contrary to the provisions of these statutes, in a case where the debt sued for was known to him to be less than five dollars, and one on which these provisions prohibited the imprisonment of the debtor, he would be liable for damages occasioned to the plaintiff by his imprisonment under this execution; and that Russell would also be liable, if he procured the execution to be issued as aforesaid, knowing the debt on which it was issued to be less than five dollars, and one on which the imprisonment of the debtor was prohibited by the revised statutes, and directed the officer to arrest and imprison the debtor upon the execution so procured, and the officer did so in pursuance of his direction. The jury returned a verdict for the plaintiff; and the defendants alleged exceptions to these instructions.

*O. P. Lord,* for the defendants.

*B. Poole,* for the plaintiff.

MERRICK, J. The Rev. Sts. *c.* 97, §§ 44, 45, expressly declare that no person shall be imprisoned on mesne process or execution for any debt less than five dollars, or on any execution issued upon a judgment rendered upon a former judgment founded upon such a debt. And the forms of all executions are required to be so varied as to adapt them to that prohibition. § 47. In view of these provisions, there can be no doubt that the command, contained in the execution which was issued by

Jones against the plaintiff, to take the body of the plaintiff and commit him to the Commonwealth's jail, was a direct violation of the positive requirements of the law. This is not denied by the defendants. But their defence is placed by them on a wholly different ground. They insist that, in framing and issuing the execution, Jones acted in his judicial capacity as a justice of the peace, and for that reason is not responsible in any civil action to the plaintiff for any injurious consequences resulting from it.

If the position assumed by the defendants could be maintained as a matter of fact, the consequence contended for by them would undoubtedly follow. There is a familiar and well known distinction between the judicial and ministerial powers and duties of justices of the peace. When acting in the former capacity, and within the limits of the jurisdiction conferred upon them, like the judges of other courts, they are exempted from liability to answer elsewhere in private actions for their official orders, decrees and judgments. *Pratt* v. *Gardner*, 2 Cush. 63. But they have always been held responsible to individuals in civil suits for all the injurious consequences arising from every illegal act they may have done, either in the adjudication of causes of which they had no jurisdiction, or in the exercise of their ministerial powers, or in the discharge of their ministerial duties. *Briggs* v. *Wardwell*, 10 Mass. 357. *Percival* v. *Jones*, 2 Johns. Cas. 49. *Spencer* v. *Perry*, 17 Maine, 413, *Clarke* v. *May, ante*, 410.

When, in the progress of a suit, a final judgment has been rendered, there can remain no further judicial duty to be performed. The court or magistrate has then no longer a question upon which to deliberate, or a cause between contending parties to decide. Nothing is left to be done but to carry the judgment into effect. That, under our law, is accomplished by means of an execution. It was early determined by this court that the issuing of such execution by a justice of the peace was merely a ministerial act; and in a particular instance, where such process was issued erroneously, the magistrate was held responsible in damages for the commitment to prison of a party under it.

Sullivan *v.* Jones & another.

*Briggs* v. *Wardwell*, 10 Mass. 356. This decision has never been brought into question; but, ever since it was made, has been acquiesced in and respected. *Blanchard* v. *Waters*, 10 Met. 185. The case of *Kendall* v. *Powers*, 4 Met. 553, may be cited as an instance in which the doctrine laid down in *Briggs* v. *Wardwell*, that a magistrate is liable to a party in a civil action for damages resulting to him from the illegal issuing of a final process upon a judgment rendered, was considered, both by the counsel of the parties, and by the court, so familiarly and firmly established, that it was not even adverted to as presenting any possible question for inquiry or debate.

It is a necessary consequence of this doctrine that no defence can be made by Jones in this action. Nor has Russell shown any at all. The jury, under proper directions from the court, have found that he procured the execution to be issued in the illegal form in which it was issued by the magistrate, and caused it afterwards to be enforced, by the commitment of the plaintiff to the common jail, knowing at the time that the statute absolutely prohibited the imprisonment of the judgment debtor. He thus coöperated with the magistrate in the illegal act. The imprisonment of the plaintiff upon the execution was the result of action on the part of both of the defendants. Each contributed his share of the means by which it was effected. They were therefore joint trespassers in the unlawful act, and jointly responsible for its consequences.          *Exceptions overruled.*