## HILL *vs.* SELLICK and HAND.

A determination, made by town superintendents of common schools, in a case where a school district embraces a part of more than one town, upon the question whether the valuations of real property upon the several assessment rolls of said towns are substantially just, as compared with each other, so far as such district is concerned, and specifying the relative proportion of taxes that ought to be assessed upon the real property of the parts of such district so lying in different towns, is void unless a previous application, upon the subject, has been made to the superintendents, by *the trustees of the district, or of persons liable to pay taxes upon real property therein.*

If the determination does not show, upon its face, that an application had been made to the superintendents by the trustees, or persons liable to pay taxes, but only that they acted " agreeably to the request of a number of the inhabitants of said district," it will be insufficient.

The authority of the superintendents to act being, by the express terms of the statute, dependent upon an application by particular officers or persons, proof of an application by such officers or persons is necessary to establish their authority. Power to act, in the case, cannot be presumed.

Where town superintendents of schools make a valid determination, under § 72, Laws of 1847, page 696, but the trustees of the district, instead of complying with its directions, and making the equalization thus established the basis for apportioning a tax, take, in its stead, the last assessment rolls of the respective towns, this will not render the proceeding of the trustees void, and make them liable as trespassers for the taking of property under a tax warrant issued by them.

Having full authority to apportion the tax, and proceed to collect it, if any error is committed by them—as in adopting a wrong principle in the apportionment, by which the proportions assessed are illegal—such error relates merely to the mode of their proceeding. The apportionment is an act judicial in its nature.

It is a general rule that public officers are not answerable in damages, for their proceedings, on account of an error in judgment, when acting judicially.

If they have general authority in any case, a mere error in law or fact in exercising their authority, will not make their action a nullity. Their acts will be valid until reversed or set aside.

*Alexander* v. *Hoyt*, (7 *Wend.* 89,) declared to be overruled by the subsequent cases.

THIS was an appeal from a judgment of the county court of the county of Seneca, reversing the judgment of a justice of the peace. Hill sued Sellick and Hand, to recover the value of a set of harness taken and converted by them. The defendants justified on the ground that they were trustees of joint

Hill v. Sellick.

school district No. 4, in the towns of Ovid and Covert, in said county, and that the property in question was levied upon and sold by the collector of said district, by virtue of a warrant issued by the defendants as such trustees, to said collector, to collect a tax assessed by them upon the taxable inhabitants of the district, in pursuance of a vote of the inhabitants of said district, for the purpose of building a new school house. An equalization had been made by the town superintendents of Ovid and Covert, according to an act passed December 15, 1847. (*Sess. Laws of* 1847, *p.* 696, § 72.) And the trustees, instead of making such equalization the basis for the apportioning of the tax, took in its stead the last assessment rolls of the respective towns. The plaintiff recovered a judgment for $19.50, besides costs, before the justice. The county court reversed the judgment, upon the ground that the vote of the district conferred jurisdiction upon the trustees, and that in fixing upon the basis for the apportionment of the tax, they were acting judicially, and were not, therefore, liable as trespassers, whereas it was insisted by the plaintiff that they were acting ministerially in deciding what their basis should be. The plaintiff appealed.

*T. Finnegan,* for the appellant.

*D. Herron,* for the respondents.

*By the Court,* T. R. STRONG, J. The ground of recovery by the plaintiff before the justice appears to have been, that the trustees in assessing the tax voted by the district, did not assess one half on the part of the district lying in the town of Ovid, and one half on the part lying in the town of Covert, according to a determination of the town superintendents of the respective towns, previously made; and that therefore the assessment, and the warrant issued for the collection of the tax, under which the plaintiff's property was taken, were absolutely void.

It is claimed by the plaintiffs that the determination of the superintendents was unauthorized and void; that if otherwise the assessment and warrant were merely erroneous, not void;

and that therefore the defendants are not liable as trespassers for the taking of the property under the warrant. These are the leading questions in the case.

By section 72, laws of 1847, page 696, it is provided that "in every case where a district embraces a part of more than one town, the town superintendents of the towns so in part embraced, upon application of the trustees of such districts, or of those persons liable to pay taxes upon real property therein, shall proceed to inquire and determine whether the valuation of real property upon the several assessment rolls of said towns are substantially just as compared with each other, so far as such district is concerned, and if determined not to be so, they shall determine the relative proportion of taxes that ought to be assessed upon the real property of the part of such districts so lying in different towns, and the trustees of such district shall thereupon assess the proportion of any tax thereafter to be raised, according to the determination of said superintendents, until the same shall be altered by said superintendents upon like application, using the assessment rolls of the several towns to distribute the said proportions among the persons liable to be assessed for the same." The determination is as follows : " We the subscribers, superintendents of common schools of the towns of Ovid and Covert, having this day met in school district No. 4, in Ovid and Covert, agreeably to the request of a number of the inhabitants of said district, for the purpose of equalizing the valuation of the real estate of said district, do find on examination that its present valuation is unequal, and in our judgment unjust, so far as said district is concerned. We therefore determine and resolve that the taxes now and hereafter to be levied in said district for all school purposes shall be in the following proportions on the real estate, viz : that part of said district lying in the town of Ovid shall pay one half, and that part lying in the town of Covert shall pay one half." The only authority which the superintendents possessed for making such a determination, is the provision of the statute above given ; and if under that the determination made was not warranted, it was invalid, and might be disregarded.

It will be noticed that the determination in question does not show upon its face, that an application upon the subject had been made to the superintendents, by the trustees of the district or persons liable to pay taxes upon real property therein; but only that they acted " agreeably to the request of a number of the inhabitants of said district." No evidence was given on the trial, of any application to them, beyond the determination itself, and the point was distinctly taken, on offering the determination in evidence, that it was void for want of such an application as is prescribed by the statute. I am satisfied that the determination cannot be upheld, in the absence of evidence of a proper application. The authority of the superintendents to act in the matter was, by the express terms of the statute, dependent upon an application by particular officers or persons; and proof of an application by such officers or persons was necessary to establish their authority. Power to act in the case cannot be presumed.

But, assuming that the determination was valid, did the omission of the trustees to comply with it render their proceedings void, and themselves liable as trespassers, for the taking of the property under the warrant? They had full authority to apportion the tax, and proceed to collect it, and if any error was committed by them it related to the mode of their proceeding. They adopted a wrong principle in the apportionment, by which the proportions assessed were illegal. But the apportionment was an act judicial in its nature; and it is a general rule that public officers are not answerable in damages for their proceedings, on account of an error in judgment, when acting judicially. If they have general authority in any case, a mere error in law or fact in exercising their authority, will not make their action a nullity. Their acts will be valid until reversed or set aside. On principle I am satisfied the defendants cannot be held to be trespassers.

In *Alexander* v. *Hoyt*, (7 *Wend.* 89,) it was decided that the trustees of a school district were liable in trespass for the taking of property under their warrant, for the collection of a tax, be-

Hill *v.* Sellick.

cause in apportioning the tax they were not governed by the last completed assessment roll of the town, as was required by the statute. But in *Easton* v. *Calendar*, (11 *Wend.* 90,) in which the property of the plaintiff had been taken under a warrant issued by such officers, it was held that the trustees were not trespassers on account of an error in making out the tax by including with the sum voted, five per cent for collector's fees. And in *Randall* v. *Smith*, (1 *Denio*, 214,) in which it appeared that the trustees in making out the tax, assessed a person whose name was not contained in the last assessment roll of the town; and varied from the assessment roll in respect to the valuations of property, and that they omitted to give the notice required by the statute in such a case, it was held that the trustees were not liable in trespass at the suit of a person whose property had been seized under the warrant for the collection of the tax. The court in that case refer to the cases of *Alexander* v. *Hoyt* and *Easton* v. *Calendar*, and state that the question in the latter was similar to that in the former, and that the doctrine of the latter case is correct. In *Finch* v. *Cleveland*, (10 *Barb.* 290,) it was held that a warrant issued by trustees for the collection of a rate-bill for teacher's wages, which included, in addition to the amount of wages for the period actually taught, a sum as for wages for twenty days after the teacher had been dismissed, although the rate-bill was erroneous, was valid, and a protection to the trustees for acts done under it. The point was not necessarily passed upon, but it was fully considered. The principle of all these cases is the same. There is no substantial difference between an error as to the basis of the apportionment, and the amount apportioned, when the amount is too large. In the former case, some of the taxable inhabitants are required to pay more, and some less than they are legally liable for; in the latter, all are required to pay too much. The case of *Alexander* v. *Hoyt* cannot stand with the subsequent cases, and I think must be regarded as overruled by them.

For all such errors as those alleged in the cases cited, and in the present case, an ample remedy is given by appeal to the state superintendent.

Monterey, &c. Plank Road Company *v.* Faulkner.

In my opinion the judgment of the justice was properly reversed, and the judgment of the county court should be affirmed.

[Monroe General Term, December 8, 1855. *Selden, T. R. Strong* and *Welles,* Justices.]