GUSTAV ISAAC *et al.*, Appellants, *against* THE DENVER AND RIO GRANDE RAILWAY COMPANY, Respondent.

(Decided March 14th, 1884.)

A statute providing that corporations or individuals operating or owning certain public conveyances shall forfeit and pay, for every person or passenger dying from any injury resulting from or occasioned by negligence of their employés, &c., or other causes mentioned, a specified sum, which may be sued for and recovered by the husband and wife or, in certain contingencies, by the minor child or children of the deceased, "or, if such deceased be a minor and unmarried, then by the father and mother," does not authorize an action for such sum by the father and mother of one so dying, who was adult and unmarried at the time of his death.

APPEAL from a judgment of this court overruling a demurrer to a complaint.

The complaint alleged that defendant was a corporation engaged in operating a railroad in the Territory of New Mexico, and in so doing conducted the business of carriers of passengers for hire ; that one Louis Adolph Isaac, was a passenger upon defendant's railroad; that the car in which he was riding was, without any fault or negligence on his part, and solely by reason of the gross negligence and wrong-doing of defendant, violently precipitated down an embankment, and he was thereby instantly killed ; that the defective construction of the roadbed and track and the negligence of defendant in operating the car were the sole causes which led to said accident ; that said accident and the consequent death of said Isaac occurred in the Territory of New Mexico ; that plaintiffs were the father and mother of the deceased, and that he was at the time of his death unmarried, and did not leave any descendant or next of kin surviving him ; that by reason of defendant's carelessness, before detailed, plaintiffs and their family were deprived of support from their said son, &c.

The complaint then alleged the enactment of a statute of

the Territory of New Mexico, several sections of which were set forth, the first section containing the following provision:

" Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employé, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver, or any stage, coach, or other public conveyance, while in charge of the same as driver, and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive, or car, in any stage, coach or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employé, engineer or driver shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage, coach or other public conveyance at the time any injury is received resulting from or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying the sum of five thousand dollars, which may be sued for and recovered, first, by the husband or wife of the deceased; or, second, if there is no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor."

The complaint further alleged that by reason of the premises plaintiffs had suffered damages in the sum of five thousand dollars, and prayed judgment for that sum.

Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment for defendant was entered thereon. From the judgment plaintiffs appealed.

*Samuel Untermeyer*, for appellants.—The appellants, as

the father and mother of the deceased, are entitled to recover under the statute in question, even though the deceased was a minor. The word "and" between the words "minor" and "unmarried" in section 1 was clearly intended and should be construed as "or." It is now well settled, in this and other states and in England, that the word "and" is to be taken for "or" and "or" is to be taken for "and" as may best comport with the sense of the law, grant or devise under consideration, and that the conjunctive in a statute may be interpreted so as to make it disjunctive or copulative according to the sense which the law most clearly requires (*Roome* v. *Phillips*, 24 N. Y. 463; *State* v. *Myers*, 10 Iowa 445; *Barker* v. *Esty*, 19 Vt. 131; *Wright* v. *Kemp*, 3 Durnf. & E. 470; *Jackson* v. *Topping*, 1 Wend. 388; *Jackson* v. *Blanshan*, 6 Johns. 54). It was clearly the intention of the legislature of New Mexico that the father and mother should sue in a case such as this.

*Theodore F. H. Meyer*, for respondent.—The recovery, if any can be had, must be under a statute of New Mexico; and where the right of action depends wholly upon a statute the complaint must state all the facts necessary to bring the case within the statute (*Brown* v. *Harmon*, 21 Barb. 508; Potter's Dwarris on Statutes 147; *Williams* v. *Hingham Turnpike*, 4 Pick. 345; *Barbour Co.* v. *Horn*, 48 Ala. 566; *Austin* v. *Goodrich*, 49 N. Y. 266, citing *Bartlett* v. *Crozier*, 17 Johns. 438; *Churchill* v. *Onderdonk*, 59 N. Y. 136; *Cleveland* v. *Crawford*, 7 Hun 620). Under this statute, a recovery can only be had by the father and mother, in which capacity plaintiffs sue, *if* the deceased be a *minor* and unmarried. An allegation that the deceased was a minor is indispensable to show to the court that plaintiffs have a cause of action under the statute.

CHARLES P. DALY, Chief Justice. — The complaint alleges that the plaintiffs are the father and the mother of the deceased. By the act of the Territory of New Mexico, set forth in the complaint, and in pursuance of which

the action is brought, the right to bring the action is given to the father and mother, or the survivor of them, if the deceased be a minor and unmarried. It is not averred in the complaint that the deceased was a minor, and in the appellants' points the fact is conceded to be that he was of full age. In my opinion, that puts an end to this case. The statute of New Mexico imposes upon the corporation or individuals referred to in it a forfeiture or liability to pay $5,000 for every person dying from any injury resulting from the causes therein stated, and then provides who may sue for the $5,000. No provision is made for a case like this, of an adult who was unmarried at the time of death; and as the act reads, it is very clear that the father and mother in such a case cannot sue, for, unless a different construction be put upon the words used than their ordinary meaning, the only case where a father or mother are entitled to bring the action is when the deceased is a minor. This was not averred in the complaint; and it was essential to show that the plaintiffs had a right to bring the action (*Austin* v. *Goodrich*, 49 N. Y. 266; *Churchill* v. *Onderdonk*, 59 N. Y. 136; *Williams* v. *Hingham Turnpike*, 4 Pick. 345; *Brown* v. *Harmon*, 21 Barb. 210).

The appellant, however, insists that, as by the general provision of the act, the corporations and individuals therein referred to have to forfeit and pay $5,000 for every person or passenger dying from the causes therein mentioned, we should, as the intention of the law-giver, construe the statute as if the word " or " had been used instead of the word " and "; so that the act may read: "If such deceased be a minor *or* unmarried, then it may be brought by the father, &c."

It is by no means certain, however, that such was the intent of the framers of the act. It may be, for all that we know, that, in the case of the death of an adult who was unmarried, there was no intention to give a remedy to any one; but in that particular case, to leave the rule of the common law as it was. It is a rule in the exposition of statutes, that they are to be construed with reference to the

principles of the common law, and therefore the law infers that the act did not intend to make any alteration *other* than what is specified (Dwarris on Statutes, 695).

The word " or " and " and " are not always, in deeds and wills, held to a strict grammatical sense; but " or " may be taken for " and," and " and " for " or," as may best comport with the intent and meaning of the grant or devise (*Jackson* v. *Blanshan*, 6 Johns. 57); and this may be done in a statute, but there should be strong reasons, in conformity with a clear intention (Potter's Dwarris on Statutes 199, note 16), because it is a much more serious matter to make such a change in a statute, as a statute is general in its operation; and it certainly should not be done unless it is very clear that such was the intent, taking the whole of the statute together, the general rule being, in respect to statutes, that words are to be taken in their ordinary sense, and not to be extended or changed to comprehend cases within the supposed intention of the legislature, as courts cannot correct supposed errors, omissions or defects in legislation; the office of the courts being, as has been said by Dr. Lieber, to bring sense out of the words, and not bring a sense into them (Lieber's Legal Hermaneutics 87; *McClusky* v. *Cromwell*, 11 N. Y. 602; Dwarris on Statutes, c. XII.; *Rex* v. *Barnham*, 8 Barn. & C. 104; Potter's Dwarris 205, note 21, 199).

The judgment should therefore be affirmed.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment affirmed.