JOHN RINEHART, Appellant, v. SMITH YOUNG, Respondent.

(GENERAL TERM, THIRD DISTRICT, MARCH, 1870.)

The omission of an overseer of highways, to deliver to the town clerk a list of the inhabitants in his road district liable to work on the highways, as provided by section 21 of the statute respecting assessments for highway labor (1 R. S., 506), does not, it seems, avoid the assessment, made against persons so liable, by the commissioners of highways, &c.

It seems, the provision of the statute, in this particular, is merely directory.

It seems that the "new inhabitants," whose names "shall, from time to time, be added to the several lists, &c." (§ 26, id.), are new inhabitants, not of the road district, but of the town.

And that in respect to all his land situate in the town, each inhabitant thereof is to be assessed for highway labor, in the particular road district in which he has his residence.

But it seems, if one who owns land in the same town with his residence, but in a different road district, moves his residence to the land without having been assessed in respect thereof for highway labor, his name may be added to the list under section 26 as a name "left out," and he rated accordingly.

The overseer of highways for road district No. 1, of the town of S., neglected to deliver the list required by section 21, to the town clerk of that town, and the commissioners of highways, at the proper time, prepared a list for the district from the list used in previous years, and placed upon it the name of the plaintiff who resided in road district No. 9, of the same town, but owned land in the former district. This list they delivered to the defendant as overseer of highways for district No. 1, who, when the plaintiff had soon after moved his residence to his land in district No. 1, assessed him for highway labor in respect of such land, and notified him to perform it, which he did in part, refusing to perform the balance; whereupon complaint was made by the overseer under the statute (§ 41) to a justice of the peace, the plaintiff was summoned, a fine imposed, and warrant issued for collection thereof (§§ 42, 43), under which his property was levied on and sold.—*Held*, that the plaintiff could not dispute the validity of the assessment in an action to recover the value of the property sold.

*Beach* v. *Furman* (9 John. R., 229), distinguished.

*Quere*, whether the overseer of highways, in making the assessment, did not act judicially.

APPEAL by the plaintiff from a judgment entered at the circuit against him for costs, in an action to recover for a

wagon taken and sold for a fine imposed for not working on the highway.

One Lawyer was overseer of road district No. 1, of the town of Schoharie, in the year 1864. His road warrant was in a book containing the old lists of persons assessed for highway labor in said district for a series of years immediately prior thereto. This book was delivered to the town clerk of the town by Lawyer in the spring of 1865, and by the clerk was delivered to the commissioners of highways of the town, and it was before them at their meeting in 1865, when the road list in question was made out by the commissioners. To this list was attached a warrant signed by the commissioners, regular upon its face. And the book containing the list and warrant was afterward delivered to the defendant.

The plaintiff at this time resided on a farm in road district No. 9, in said town, which he had sold, and he was expected soon to move his residence therefrom to a place which he had bought in road district No. 1; and for this reason the commissioners put the plaintiff's name on the list, but did not assess him.

Afterward, and in May, 1865, the plaintiff moved his residence from road district No. 9 to his place so purchased in road district No. 1, and after the removal, the defendant, as overseer of highways for road district No. 1, ascertained the time for which the plaintiff ought to be assessed on account of the place to which he had moved, and rated him as others had been rated by the commissioners, and placed opposite his name on the list, under the column of "days assessed," the number "10."

After this assessment had been made, the defendant warned the plaintiff out to work. Plaintiff worked three days and then told the defendant that he would commute for the balance. He said that he would pay the commutation in a few days. And afterward the plaintiff sent the defendant a dollar, claiming that it was the full commutation, which the defendant did not accept. The defendant then warned him out twice. The plaintiff neglected and refused to appear,

and the defendant proceeded against him, under the statute, to collect the fines imposed thereby.

The plaintiff was twice fined by the justice, but did not pay the fine. Warrants to collect the fines and costs were issued by the justice and delivered to a constable, who sold a wagon of the plaintiff under the same. For that sale this action was brought.

Judgment was rendered for defendant with costs, and the plaintiff appealed to this court.

*N. P. Hinman*, for the appellant.

*H. Krum*, for the respondent.

Present—INGALLS, PECKHAM and MILLER, JJ.

By the Court—PECKHAM, J. The legality of the proceedings before the justice, imposing the fines, is not questioned.

The plaintiff seeks to recover mainly on two grounds:

1. That the commissioners had no jurisdiction to make the list and issue the road warrant to the defendant, for the reason that the defendant did not "within sixteen days after his election or appointment, deliver to the town clerk a list, subscribed by him, of the names of all the inhabitants in his road district who are liable to work on the highways." (1 R. S., 506, § 21.)

2. That the overseer had no right to assess the plaintiff for the reason, 1st. That he had no legal list in his hands upon which to make the assessment; and, 2d. That the plaintiff was not "left out of such list, or a new inhabitant," within the meaning of the statute. (1 R. S., 507, § 26.)

The failure of the overseer to deliver a list to the town clerk, is the only ground upon which the action of the commissioners is questioned.

Is this provision of the statute, requiring the overseer to deliver the list to the town clerk, imperative or directory? If it be imperative, the commissioners had no authority to

make an assessment, until they received such list from the town clerk; and their action in the premises would be void.

In my view, the statute is merely directory, although the point is not free from doubt. The act declares "that each of the overseers of highways shall deliver to the clerk of the town, within sixteen days after his election, or appointment, a list subscribed by such overseer, of the names of all the inhabitants in his road district, who are liable to work on the highways." (1 R. S., 507, § 21.)

Section 23 provides, that the town clerk shall deliver the lists filed by the overseers to the commissioners, "who shall proceed at their next meeting, or at some subsequent meeting, to ascertain, estimate and assess the highway labor to be performed in their town the then ensuing year."

Thus it would seem, that the act, in terms, contemplated that the commissioners should proceed to make the assessment after the delivery of the "lists" to them. But it does not prohibit them from proceeding, if the lists be not furnished.

Such lists are not furnished for any other purpose, than to indicate the persons "liable to work on the highways."

In making the assessment, the commissioners do not use the lists, except to affix to the name of each person named in it, the number of days which such person shall be assessed for highway labor. (§ 24, sub. 5.) Yet if any name of any person be left out of any such list, the overseer is authorized to assess him. (§ 26.) The whole number of days to be assessed in all by the commissioners, is determined not by such lists, but "by the number of taxable inhabitants in such town." (§ 24, sub., 1.) The number of taxable inhabitants may be ascertained by the tax list of assessments. Thus, the necessity for this list by the overseer to the clerk, would not seem to be absolute, except that it seems to be made the basis of the commissioners' action. But, I think, these provisions are merely as to the manner of making the assessment, rather than necessary to give jurisdiction to make it.

No important vital omission is made, but the directions of

the statute, as to the manner of making the assessment, are not complied with. (*People* v. *Cook*, 14 Barb., 259, at pp. 290 to 294, and cases there cited ; same case, 8 N. Y., 67, at p. 91.)

Then had the overseer, the defendant, a right to make the assessment against the plaintiff, either on the ground that he was a "new inhabitant," or that he was "left out of such list." I do not think he was a "new inhabitant," within the meaning of the statute, unless he had been a non-resident of the town, directly prior to moving into this road district, as the statute makes an inhabitant of a "town" assessable therein. He is to be assessed for all lands he may own therein, whether in the road district in which he resides, or in another. (1 R. S., 505, § 19 ; id., 509, § 32.) The plaintiff could not, therefore, according to these provisions, be regarded as a new inhabitant, by moving from one road district to another in the same town. There seems to be no reason for such holding. But, in my judgment, he may be regarded as a person "left out of such list," when he moves from one road district into another, of the same town, and he owns land in the latter district, for which he had not been assessed in the other road district. That, I think, is this case. As to the farm lying in road district No. 1, his name was "left out of the list." He might have been assessed for that farm in the other district, where he formerly resided, but the facts show he was not. Persons assessed, residents of the town, cannot be compelled to work out of the road district where they reside, but by consent of the commissioners of highways, they may apply "the work assessed in respect to land" they have in another district, in the district where the same is situated.

It may be urged that one can scarcely be said to be "left out," when he could not legally have been put in ; as plaintiff certainly could not be in district No. 1 prior to his moving into it ; and yet, after he left district No. 9, it was too late to assess him there. If not assessed in No. 1, he would entirely escape. It is proper under such circumstances to give a liberal interpre

tation to the words "left out." To hold that the plaintiff may in this case be regarded as "left out," I think, best subserves the purpose of the statute. It is within its spirit, if it cannot be claimed to be within its letter. The objection that no such "list" had ever been filed or delivered to the defendant, overseer, and therefore no name could be "left out" of that, has already been considered, in holding that the assessment made out by the commissioners, although never first delivered to the clerk by the overseer was in substance the list; sufficiently so for this purpose.

I do not think that any error is shown in the making of the assessment by the overseer, the defendant.

It is insisted on the part of the defendant, that the fines imposed upon the plaintiff by the justice on the complaint of the defendant, are a bar to this action. That they were judgments rendered substantially between the same parties as to the same matters in controversy here. Hence, that the question is *res adjudicata*. And there is great force in the position.

It is no objection to this judgment that it was rendered in a summary proceeding. It is equally conclusive. (*Demarest* v. *Darg*, 32 N. Y., 281.)

Nor, is it legally true, that the matter tried in this suit could not have been legally tried in those suits. If this assessment in this district, No. 1 were void, it was a perfect answer to the complaint before the justice, for a fine for not doing the work by the plaintiff. It is true this court held in *Beach* v. *Furman* (9 J. R., 229), that the justice could not "inquire into the legality of the assessment, but was bound by the act forthwith to issue his warrant of distress;" and the court say further in that case and in the cases there cited, that "the justice acted ministerially." But the statute under which the court made that decision was materially different from the act in force when these fines were imposed. (2 R. L., 272, § 9.) Now the justice first issues a summons requiring the delinquent to appear forthwith, to show cause why he should not be fined according to law. (1 R. S., 510, § 42.) If upon the return of such summons, "no sufficient cause

Rinehart *v.* Young.

shall be shown to the contrary," the justice shall impose a fine, &c.  (§ 43.)  This provision is not in the old statute. Hence the court held the duty of the justice to be merely ministerial under that act.  Here it is quite clear in my opinion, that the act of the justice in passing upon the sufficiency of the excuse, is not ministerial, but judicial.  In other words he renders judgment in this as in any other case, but the complaint is made perhaps *prima facie* evidence of the delinquency.

There can be no doubt that if the defendant, the overseer, was without jurisdiction to make this assessment, and it was therefore void, it would have been a perfect defence before the justice to the imposition of a fine for not working on the highway.  The plaintiff might have shown any defence before the justice to the imposition of a fine, that he could present in this case as a ground of action.  In other words, a cause of action proved here would have been a good defence there.  A mere error in the assessment where the overseer had jurisdiction, would not have been sufficient for either. (*Randall* v. *Smith*, 1 Den., 219.)

The parties were in substance the same.  In fact, the case before the justice seems to have been in the name of the defendant as plaintiff.  So it was in 9 J. R. and in 3 J. R.

But, whether in his name or not, it was conducted by him. He was in substance the plaintiff, and the defendant there had, or could have had the benefit of every defence to which he would have been entitled, if the plaintiff there had been in name the defendant here.

I think *res adjudicata* here a good defence.  Again was not this a judicial act in the defendant in making this assessment?  He had jurisdiction of the person of this plaintiff and of the land for which he was assessed.  But I do not propose to discuss this point.

I think the judgment should be affirmed.

Judgment affirmed.