HUMPHREY JEWELL, Respondent, v. EDWARD VAN STEENBURGH et al., Appellants.

Under the provision of the act in relation to public instruction (§ 68, art. 7, tit. 7, chap. 555, Laws of 1864), providing for the assessment by school district trustees of taxable property in their district, the valuation of which cannot be ascertained from the last town assessment roll, when the trustees assess property not upon such roll, or change any of the assessments thereon, they are required to give notice to the persons interested of the completion of their roll, specifying a day when they

will meet to review their assessment, etc., the same as is required of town assessors.

An omission to give such notice is a jurisdictional defect, invalidating the tax and rendering the trustees liable as trespassers for the levying, by virtue of their warrant, upon property to collect such tax.

*It seems,* that it is incumbent upon the trustees, when sued for such trespass, to prove that notice was duly given; the presumption of the performance of official duty does not apply.

*It seems,* also, that if the party whose property is assessed appears and is heard, or has an opportunity to be heard in reference to the assessment, this is a waiver of notice and he is concluded thereby.

In an action of trespass against trustees it is competent for the plaintiff to show any interference on their part in the taking and selling of property to pay the tax, aside from the imposition thereof and the issuing of the warrant. .

*Randall* v. *Smith* (1 Den., 114) overruled; *Easton* v. *Calendar* (11 Wend., 91) distinguished.

It is the duty of an appellant, in preparing a bill of exceptions, to see that the points and exceptions upon which he relies are correctly and clearly stated.

The practice of taking a stenographer's notes for a bill of exceptions disapproved.

(Argued May 27, 1874; decided June 16, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, in favor of plaintiff, entered upon an order denying motion for new trial and directing judgment on verdict.

This was an action of trespass.

In 1869 defendants were trustees of school district number 9, in the town of Hurley, Ulster county; as such trustees they levied a tax for school purposes. Plaintiff was a resident and tax-payer in the district. In making up the assessment roll the valuation of plaintiff's property was increased from the valuation thereof upon the town assessment roll for 1869. It did not appear that any notice was given prior to the completion of the roll of a meeting of the trustees to review the same, etc. Defendants attached their warrant to the roll and the same was placed in the collector's hands for collection. Plaintiff having refused to pay his tax, the col-

lector levied upon a yoke of oxen and sold the same to pay the tax.

Upon the trial evidence was offered and received, under objection, that one or more of the defendants were present at the sale and directed the same. Evidence was given, on the part of defendants, tending to show that plaintiff did appear before the trustees and made an affidavit to reduce his assessment. This was disputed by plaintiff.

The court charged, among other things, that if defendants omitted to give notice as required by statute, they acquired no jurisdiction and the tax was entirely void and offered no protection to them ; that it was incumbent upon them to show that they did post the notice.

Defendants' counsel requested the court to charge " that if Jewell appeared before the assessors on the correction of this assessment roll that it is a waiver of notice."

The case states the response of the court as follows : " I will allow the jury to find that issue upon the ground that if the party appears and has a full consideration I regard that a waiver. It is upon that ground I submit that question of fact. They must act upon the subject. If Jewell appeared before the assessors and the matter was considered, that is equal to having appeared upon the notice, if he was heard in reference to the increased value of his property."

Also that " defendant duly excepted to the last expressions : " " We claim that the appearance is of no effect unless it was in pursuance of a notice."

Also, " I except to the first proposition of the charge — a failure of giving notice, they had no jurisdiction and the tax was illegal and the trustees are liable. ' And the trustees are personally liable ' — I except to that expression."

The jury rendered a verdict for plaintiff. Exceptions were ordered to be heard at first instance at General Term. Further facts appear in the opinion.

*William Lounsbery* for the appellants. Defendants were not liable as trespassers even if they neglected to give notice.

(1 Den., 219; 11 Wend., 90; *Wheeler* v. *Mills*, 40 Barb., 644; *Van Rensselaer* v. *Whitbeck*, 7 N. Y., 517; *Clark* v. *Norton*, 3 Lans., 484; *Swift* v. *City of Poughkeepsie*, 37 N. Y., 511; 39 id., 515; 40 id., 107, 158, 381; 48 id., 513; 1 Lans., 478; 53 Barb., 233; 57 id., 380; *Nat. Bk.* v. *City of Elmira*, 53 N. Y., 49.)

*J. Newton Fiero* for the respondent. The decision of the superintendent of public instruction was final and conclusive, and is not subject to question or review. (Laws 1864, p. 1284, § 1; Laws 1847, chap. 388; Code Pub. Inst., p. 229, § 1; id., p. 450 [ed. 1868]; *Easton* v. *Calendar*, 11 Wend., 91; *Ex parte Bennell*, 3 Den., 175.) When persons are to be divested of title to property by any statutory proceeding, the directions of the statute must be strictly pursued. (*Whitney* v. *Thomas*, 23 N. Y., 286; *Sharp* v. *Spier*, 4 Hill, 76; *Sharp* v. *Johnson*, id., 92; *Clark* v. *Norton*, 3 Lans., 484, 486; *Palmer* v. *Lawrence*, 6 id., 282, 290; *Westfall* v. *Preston*, 49 N. Y., 349, 353.) The omission to perform the duties required by statute and failure to post proper notices of the time of meeting by the trustees was a fatal defect, and the roll made by them was void. (*Van Rensselaer* v. *Whitbeck*, 3 Seld., 517, 521; *Wheeler* v. *Mills*, 40 Barb., 644; *Clark* v. *Norton*, 3 Lans., 484; 49 N. Y., 243.) Plaintiff not having had an opportunity to appear before the trustees on the review day and to be heard as to the change in his assessment, was not concluded by the action of the trustees as affecting his rights. (*Metcalf* v. *Messenger*, 46 Barb., 325, 331.) This action is plaintiff's proper remedy and his right to recover is complete. (*Hover* v. *Barkhoff*, 44 N. Y., 123; *Lamoreaux* v. *O'Rourke*, 2 Keyes, 499, 502; *Newman* v. *Suprs. of Livingston*, 45 N. Y., 677, 685; *Clark* v. *Norton*, 3 Lans., 484; *Wade* v. *Matheson*, 4 id., 158.)

CHURCH, Ch. J. The principal question involved in this case is, whether the omission to give the notice required by the statute of the completion of the assessment is a juris-

dictional defect rendering the tax invalid and the trustees liable as trespassers.

Section 68, article 7, title 7 of chapter 555 of the Laws of 1864, provides that, "when the valuation of taxable property cannot be ascertained from the last assessment roll of the town, the trustees shall ascertain the true value of the property to be taxed, from the best evidence in their power, giving notice to the persons interested and proceeding in the same manner as the town assessors are required by law to proceed in the valuation of taxable property." Assessors are required to give notice of the completion of assessment rolls, and to specify a day when they will meet to review their assessments. (1 R. S., 303, § 20.) These provisions are designed to give the tax-payers an opportunity to appear and be heard as to the fairness, propriety and legality of the action of the assessors in making the assessments. In the case of assessments by school trustees the notice does not seem to be necessary, except when property not upon the last assessment roll of the town is assessed, or a change is made from such roll. The plaintiff's assessment was changed, and from the verdict of the jury we must assume that the trustees neglected to give the requisite notice.

The court charged the jury that such omission rendered the tax void. The authorities are not entirely in harmony, and the precise question has not been definitely passed upon by this court. In *Randall* v. *Smith* (1 Den., 214) the defect of notice with other irregularities were treated alike, and it was held that they did not render the trustees liable as trespassers. JEWETT, J., in delivering the opinion, comments upon *Alexander* v. *Hoyt* (7 Wend., 89), in which it was held that the trustees were trespassers, because they copied the valuations from an unfinished town roll, upon the ground that this was a ministerial and not a judicial act, and cites *Easton* v. *Calendar* (11 Wend., 91) as decisive of the question in favor of the trustees. There the irregularity complained of was in omitting to insert certain persons who were taxable in the roll and in including the fees of the collector in the warrant;

and the court held that, in determining who were taxable inhabitants, the trustees acted judicially and were not liable for an error in the exercise of it. With great respect, I do not think the question in that case was analogous to this, as will be shown hereafter. The general rule applicable to such cases was correctly stated, that when the officer has jurisdiction and errs in the exercise of it, his acts are not void but voidable. The only difficulty is in determining when jurisdiction has been acquired. I do not find that *Randall* v. *Smith* has been regarded as authority, and it is not referred to in the subsequent cases. In *Wheeler* v. *Mills* (40 Barb., 644) it was expressly decided that the omission to give the prescribed notice by assessors invalidated the tax and rendered a title to real estate obtained upon a tax sale void, upon the ground that notice was one of the things to be done by the assessors to obtain jurisdiction over the subject. In *Van Rensselaer* v. *Witbeck* (7 N. Y., 517), which was trespass against the collector, it was decided that a substantial compliance with the terms of the statute, as to making and signing the certificate required to be attached to the assessment roll, was necessary to give the supervisors jurisdiction to impose a tax and issue a warrant for its collection. GARDINER, J., in delivering the opinion, said: "Notice must be given; the tax-payers have a right to be heard and introduce evidence. When this has been done and all objections disposed of, the assessors, or a majority of them, shall sign the roll and attach the certificate in the form prescribed by section 26. The record is then and not until then complete." The general rule laid down in *Westfall* v. *Preston* (49 N. Y., 349) is confirmatory of the doctrine of all the cases since *Randall* v. *Smith*, viz.: "A substantial compliance with the statute in the measures preliminary to the taxation of persons and property, in all matters which are of the substance of the procedure and designed for the protection of the tax-payer and the preservation of his rights, is a condition precedent to the legality and validity of the tax." Without further citation of cases, it is quite manifest that the

weight of authority is, that the omission to give the notice is
a jurisdictional defect.   As an original question, it seems to
me clear that this must be so.   When persons are to be
divested of their property by statutory proceedings, the
directions of the statute must be substantially pursued.
(4 Hill, 76.)

Trustees of school districts and assessors, in making assess-
ments, must acquire jurisdiction of the person and subject-
matter, or their proceedings are void.   In performing duties
of a judicial nature they are protected, but giving the notice
to tax-payers is a ministerial and not a judicial act.   They
have no discretion or judgment to exercise.   The mandate is
positive, and must be obeyed.   Is it jurisdictional in its
character?   It seems to me clear that it is.   This is the only
mode by which persons interested have an opportunity to be
heard.   It is in the nature of process to bring them into
court, and it must precede the power of the trustees to act
upon the subject.   In the first instance, the assessors may
exercise their own judgment as to who are taxable persons,
and the kind and value of the property to be taxed; but this
is preliminary to the final adjudication.   Before that can be
made, the persons proposed to be taxed are to have a hearing,
and it cannot be made until an opportunity for such hearing
is afforded.   As well might a justice of the peace render
judgment against a party, without the service of process.

In the case of school trustees, so far as they make an orig-
inal assessment or change an assessment, they must give the
prescribed notice, and if they fail to do it they have no legal
right and no jurisdiction to make it.   The principle decided
in *Calendar* v. *Easton* (*supra*), which was held decisive in
*Randall* v. *Smith*, was correct.   The irregularities in that
case were held to relate to judicial acts.   They were quite
inferior to this defect, and it is unnecessary to criticise the
application of the general rule to the facts of that case.
Notice to the persons whose assessments were changed was
necessary to confer jurisdiction.   Without it the assessment
against the plaintiff was void; and when there is a want of

jurisdiction in imposing the tax, those directing its collection are liable as trespassers. (53 N. Y., 49, and cases cited.)

It is unnecessary to consider the effect of the decision of the superintendent of public instruction and its binding force in this action, as that decision was in accordance with the views herein expressed.

An objection was taken to evidence of the direction of some of the trustees at the sale. While the imposition of the tax and the issuing the warrant to collect it was sufficient to charge them, it was competent to show any additional interference on their part in taking and selling the plaintiff's property; and the objection that they acted at the sale as individuals and not as trustees is untenable. They are sued in their individual, and not in their official capacity; and their direction to the collector to take and sell the plaintiff's property, in the warrant, and personally, is what renders them liable. The collector is protected by his process, if good on its face, but they cannot shield themselves by that process.

It is objected, also, that the court charged the jury that it was incumbent upon the defendants to·prove that they did give the requisite notice, and it is claimed that the presumption of the performance of official duty applies. A sufficient answer to this is, that there appears to be no exception to this part of the charge. But, regarding the notice as a pre-requisite to jurisdiction, I am inclined to the opinion that the presumption invoked does not apply. The facts conferring jurisdiction must. be shown affirmatively. In *Wheeler* v. *Mills* (*supra*) BROWN, J., said : " These are not cases in which public officers are presumed to have done their duty. It must appear that everything was done which the statute makes essential to the due execution of the power intrusted to them." To the same effect is the opinion of WELLES, J., in 46 Barbour, 325, and such, I think, is the general rule, although not necessary to be determined in this case. It was claimed upon the trial that the plaintiff did, in fact, appear before the trustees and was heard upon his assessment. This

was disputed, and the court was substantially requested to charge, that if the plaintiff appeared it was a waiver of notice. The judge, in response, said that he would submit the question of appearance to the jury, and charged that, "if the party appears and has a full consideration I regard that as a waiver. * * * If Jewell appeared before the assessors and the matter was considered, that is equal to having appeared upon the notice, if he was heard in reference to the increased value of his property." The case then states: "Defendant duly excepted to the last expressions. We claim that the appearance is of no effect unless it was in pursuance of a notice."

The charge was substantially correct. If the plaintiff appeared and was heard upon his increased valuation, he had no reason to complain. The only criticism that can be made to it is, that the judge should have stated more explicitly that if the plaintiff knew of the increased valuation, and appeared, and had an opportunity to be heard, or was heard with reference to it, he was concluded; but the attention of the court was not called to this qualification. The general exception (if made by the defendants), "to the last expression," was not sufficiently specific for that purpose. But it is claimed that the exception was, in fact, made by the plaintiff, and not by the defendants, and this is rendered plausible by the expression which immediately follows, and which is evidently the language of the plaintiff and not of the defendants. The appellants' counsel, in his points, states that the printed case does not contain a "perfectly clear presentation of the points." This is quite manifest in this case, and is true in many others which come before this court for review.

The practice of taking the stenographer's minutes bodily for a bill of exceptions, is not to be commended. The case is often incumbered with voluminous, irrelevant matter, and the points and exceptions are often vague and inaccurate. It is the duty of the appellant to prepare the bill of exceptions, for which compensation is allowed in the fee bill, and he should see to it that the points and exceptions upon which he relies are

correctly stated. Any ambiguity in these respects must necessarily result to the injury of the party alleging error, although in this case, according to the views expressed, it is not probable that the appellant has suffered any injury.

The judgment must be affirmed.

All concur; Grover, J., concurring in result.

Judgment affirmed.