CROMWELL, Treasurer, *v.* WILSON *et al.*

*(Supreme Court, General Term, Second Department. May 18, 1889.)*

1. TAXATION—TAX-TITLES—MORTGAGES—FORECLOSURE.
    In an action to foreclose a mortgage, where the defendant in possession denies that her interest is subordinate to plaintiff's mortgage, and claims to be the owner under tax leases, plaintiff is entitled to assail the assessment sales and leases.

2. SAME—ASSESSMENTS—CURATIVE ACTS.
    The assessment of lands belonging to a non-resident in the resident column, the assessment after the death of the owner, in the name of his estate, instead of in the name of the owner's devisee, and the signing and delivery in blank of the tax-warrants by the board of supervisors, are jurisdictional defects not within the curative power of the legislature.

Appeal from special term, Westchester county.

Action by David Cromwell, treasurer of the county of Westchester, against Edward C. Wilson, as executor and trustee under the will of E. J. Wilson, and Marie M. McLean, individually, and as executrix, etc., of William M. Oliffe, deceased, to foreclose a mortgage on property in the town of Greenburgh. The defendant McLean was in possession of the rest of the mortgaged premises, a part of which they fenced in the lawn, and a part used for pasturage. The defendant McLean alone answered, denying that her interest was subordinate to plaintiff's mortgage, and alleging that, under certain tax leases, she was the owner of the property, and her interest and title paramount to plaintiff's mortgage. The plaintiff replied, denying such allegations of new matter, and alleged that the tax-titles and claims of defendant were void and of no force, as the assessments and sales were void and illegal. The plaintiff had judgment of foreclosure and sale, from which this appeal is taken. The defects in the tax-titles relied on, among others, are that the owner of the premises, Edward J. Wilson, died in April, 1876, in New York city, where he had always resided, and that he never resided in the county of Westchester; that he left a will, and the defendant Edward C. Wilson, as trustee, became the sole owner of the property thereunder after the death of E. J. Wilson, and said Edward C. Wilson lived in Peekskill, in Westchester county; that during 1874 and 1875 the mortgaged premises were not assessed as "lands of non-residents," but in the resident column, and until 1878, the tax-warrant was

signed and delivered by the board of supervisors in blank, and from 1876 to the present time the property, instead of being assessed to the said Edward C. Wilson (a resident) as trustee, was assessed to "Edward J. Wilson, estate of," and in no year have the assessors certified that the tract was not subdivided, and it was assessed without subdivision.

*O. Close*, for appellant.    *Wilson Brown*, for respondent.

PRATT, J.    This is an action of foreclosure, and the questions raised relate principally to certain tax-sales. It seems to be conceded that if section 2, c. 239, Laws 1868, is not repealed by chapter 610, Laws 1874, then the mortgage is not invalidated by the tax-sale; but, even assuming it is not repealed, it becomes a serious question whether (if the taxes are duly levied, and the sales regularly made) the mortgagee has anything more than a right to redeem after the notice required by said section 2 of Laws of 1868, or, in other words, whether this section was not passed, among others, for the purpose of aiding the purchaser to perfect his title under the tax-sale. If such is the case, the plaintiff would have a right to foreclose his mortgage, but the property would have to be sold subject to the lien of the tax-sale. But the plaintiff here seeks, not only to foreclose his mortgage, but to try the question of the title of the purchaser at the tax-sale, and to have such asserted lien declared no lien, as against his mortgage, so that, assuming that the said section 2, c. 239, Laws 1868, is not repealed by the statute of 1874, the taxes may still be a lien, and the judgment rendered below unauthorized. It becomes necessary, therefore, to determine whether, in any view, the taxes and sales thereunder ever became an existing lien. We think the plaintiff was entitled to assail the assessment sales and leases in question, as the defendant McLean claimed the fee in hostility to the mortgage. If her contention was sound, it would render a judgment and sale of no value to the plaintiff. Why should the plaintiff be put to the expense of redeeming from the tax-sales, if there never was any valid tax-sale? If the tax was void, he could not tack the sum so paid upon his mortgage, or recover it back from the defendant. The alleged liens virtually destroy the security of the mortgage, and no good reasons seem to exist why they should not be determined in this action. It seems to be conceded that the taxes were originally assessed and levied contrary to law, but the defendant claims that the defects were mere irregularities, not jurisdictional; that the legislature had power to cure such defects and irregularities; and that it has done so by subsequent statutes. Some of the defects complained of, however, seem to us jurisdictional, and therefore not within the curative power of the legislature. The property never was properly taxed, inasmuch as the original owner, E. J. Wilson, was a non-resident, and the lands were never designated as such. Neither were they properly assessed after the death of E. J. Wilson to E. C. Wilson, as trustee. It is also apparent that the description of the person was defective, as well as the description of the farm. The warrants were incomplete when signed by the board of supervisors, and the assessment rolls were not delivered, nor a copy thereof deposited, for examination as required by statute. These matters were jurisdictional. *Clark* v. *Norton*, 49 N. Y. 243; *Wheeler* v. *Mills*, 40 Barb. 644; *Overing* v. *Foote*, 65 N. Y. 263. The findings of fact are sufficiently supported by the evidence, and the conclusions of law found necessarily follow. We have examined the various exceptions, and find none which will warrant a reversal of the judgment. It is therefore affirmed, with costs.