(38 Misc. Rep. 567.)

## LOOMIS v. SEMPER.

(Supreme Court, Special Term, Jefferson County. August, 1902.)

1. CLAIM TO REALTY—DETERMINATION—SALE FOR TAXES.

Where land has been purchased for unpaid taxes amounting to $35, and the purchaser will, in the absence of redemption, acquire an absolute title in two years from the sale, an owner may maintain an action under Code Civ. Proc. § 1638 et seq. to compel a determination of her claim to the property.

2. SAME—JURISDICTIONAL AMOUNT.

The limitation in Code Civ. Proc. § 1638 et seq., in proceedings to determine a claim to real property to actions wherein the amount involved is at least $250, applies only to a case where the claim of the defendant is for a lien or an incumbrance, and does not apply where defendant, being a purchaser at tax sale for the amount of $35, claims the entire title.

3. TAXATION—ASSESSMENT—NOTICE—PUBLICATION.

Where a statute in force when an assessment was made required publication of the time and place of the meeting of the assessors to hear grievances, for a certain time, in all the weekly newspapers, it must be strictly followed, and the failure so to publish such notice in a weekly newspaper which came into existence after the statute was enacted renders the tax invalid.

4. SAME—OWNER OR OCCUPANT.

Where an assessment is levied against the husband of the owner of land, who is merely living with her upon it, it is unauthorized, as he is neither the owner nor the occupant of the premises within the meaning of the tax law.

5. SAME—SALE.

A sale for the taxes of two years, where those of one of them had been paid, is void.

Action by Ella M. Loomis against William J. Semper to compel the determination of a claim to real property. Judgment for plaintiff.

James A. Ward, for plaintiff.
Francis N. Fitch, for defendant.

MERWIN, J. The complaint is, I think, sufficient, under section 1639 of the Code as construed in King v. Townshend, 78 Hun, 380, 29 N. Y. Supp. 181, and Phillips v. Railroad Co. (Sup.) 9 N. Y. Supp. 799. The plaintiff shows conveyance to her of the property, by Inez D. Oney, on May 22, 1897, and possession by the plaintiff since. Mrs. Oney was apparently in possession from July 31, 1893, at which date the property was conveyed to her by William C. Palmer. In the complaint it is stated that the claim of defendant is under an alleged sale for unpaid taxes assessed against Harry Oney, and a certificate of tax sale of 1895 and 1896, recorded in the Jefferson county clerk's office. In the answer the defendant alleges that upon the sale of lands by the treasurer of the city of Watertown for unpaid

taxes of the said city, held September 20, 1898, at public auction, he purchased the property, paying therefor the sum of $35, and received from the city treasurer the usual certificate showing such purchase, but has not interfered with the possession of any one, and that he holds the certificate, pursuant to the statute, and has no other interest in the land. The certificate of sale is dated September 21, 1898, and was recorded September 23, 1898. The sale was for city taxes for 1895 and 1896. The assessment those years was against Harry Oney. Under the charter of the city (Laws 1897, c. 760, § 194), there was a right of redemption for two years. This action was commenced before the right to redeem had expired, and for that reason the defendant claims that a case is not presented which is within the provisions of the Code under which the action is brought.

Undoubtedly, when this action was commenced, the defendant claimed an interest in the property, and clearly it is within the provisions in section 1638 unless the limitation therein of $250 in value is applicable. That limitation applies, I think, only to a case where the claim of defendant is simply for a lien or incumbrance. Here the claim of defendant is for more than that. He is a purchaser upon a sale, and without anything further being done by him he will, at the end of two years, in the absence of redemption, become entitled to a conveyance which will vest in him an estate in fee, subject only to the liens, if any, of unpaid taxes or assessments. Charter, § 196. His right is said to be an inceptive title; his certificate of purchase passing, in case of his death, to his heir at law. Black, Tax Titles (2d Ed.) § 312. The certificate is said to be evidence of an equitable title to the land itself, enabling the purchaser on certain conditions, and in a certain time, to call in the legal title. Eaton v. Supervisors, 44 Wis. 492. Under the Revised Statutes it was said (Burnham v. Onderdonk, 41 N. Y. 425) that a defendant, by taking issue upon the allegations of the notice, necessarily acknowledged himself to have been properly brought before the court. The plaintiff is, I think, entitled to have the claim of the defendant determined.

The validity of the sale is attacked upon several grounds. The statute in force when the assessment was made required the notice of the time and place of the meeting of the assessors to hear grievances to be published in all the weekly newspapers published in the city. This was not done. The statutes in this regard must be strictly followed. Wheeler v. Mills, 40 Barb. 644; Jewell v. Van Steenburgh, 58 N. Y. 85; Cooley, Tax'n (2d Ed.) 287. It is urged that the newspaper in which the notice was not published was not in existence when the law was passed, and that the law only referred to the newspapers then existing. The law does not say so, and it would not be reasonable to infer it. Newspapers come and go. The intention of the law is that the notice shall be published in the weekly newspapers existing when the notice is required to be published.

The assessments were against Harry Oney. He was the husband of the owner. He was then living with his wife on the property, which was a house and lot. It is not shown who managed the premises. It appears that in May, 1897, the husband acted as agent for the wife in negotiating the sale to plaintiff. That does not show

that he was in possession. An occupant is one who has the actual use or possession. Low v. Austin, 25 Barb. 26. In Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17, it is said that, where husband and wife are living on her premises, she is presumed to have the legal possession, exclusive of the husband's possession, unless there be something to show the contrary. Merely living with the wife on her separate property hardly makes the husband the occupant. Hallock v. Rumsey, 22 Hun, 89; Hamilton v. City of Fond du Lac, 25 Wis. 496. In the Powell Case, 14 Misc. Rep. 83, 35 N. Y. Supp. 265, there were other grounds for holding the assessment good. I am inclined to the opinion that the husband was not the occupant within the meaning of the tax law, and, if not, then the assessment was neither to the owner nor the occupant, and, therefore, void.

But the defendant claims that the plaintiff, when she bought the premises, in May, 1897, agreed to pay the taxes of 1895 and 1896, and is, therefore, not in a position now to attack the sale in 1898. The agreement, if there were one, rests on the evidence of Mr. Oney. At most, his evidence would only show a promise to pay a tax of 1896. He testified that he had himself paid the tax of 1895. If so, the sale would be void. People v. Hagadorn, 104 N. Y. 516, 10 N. E. 891; Black, Tax Titles (2d Ed.) § 230. A sale for two taxes when one has, in fact, been paid, invalidates the sale. For aught I see, the plaintiff is entitled to judgment in substance declaring the claim of defendant invalid.

Judgment for plaintiff.